<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELINA BOON,<br><br>         Plaintiff,<br><br>v.<br><br>RONALD WELLS, et al.,<br><br>         Defendants. | Civil Action No. 23-18763 (SDW)(MAH)<br><br>**WHEREAS OPINION**<br><br>September 15, 2023 |

  **THIS MATTER** having come before this Court upon *pro se* Plaintiff Angelina Boon's ("Plaintiff") filing of her Complaint and accompanying application to proceed *in forma pauperis* (D.E. 1), and the Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8(a); and

  **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

  **WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *See Shorter*, 12 F.4th at 371. *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e). However, a *pro se* complaint must still

comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). Factual allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555; and

**WHEREAS** the facts alleged in Plaintiff's *pro se* Complaint are insufficient to state a claim upon which relief may be granted because they "do not permit [this Court] to infer more than the mere possibility" that Defendants violated her rights. *Ashcroft*, 556 U.S. at 679; *see* Fed. R. Civ. P. 8(a)(2). Plaintiff's Complaint is difficult to comprehend but appears to allege that Defendants illegally removed her from the V.A. Hospital in East Orange, New Jersey, and that Plaintiff suffered a loss of income due to the "public humiliation" caused by her removal from the V.A. Hospital's premises. Plaintiff's legal conclusions that Defendants violated her constitutional rights are not accepted as true, and she has not presented sufficient facts to support her claims. *See Iqbal*, 556 U.S. at 678. Without more, these allegations fail to state a claim upon which relief may be granted; and

**WHEREAS** Plaintiff's application to proceed without prepayment of fees and costs indicates that Plaintiff has no monthly income or assets and relies on her children for support. (D.E. 1 at 7–9.) Plaintiff further represents to have over $10,000 in monthly expenses, including

$9,400 for debts related to, *inter alia*, hospital and car expenses, $400 for department store expenses, $300 for medical and dental expenses, $250 in "alimony, maintenance, and support paid to others," and $50 each in food and clothing.  (*Id.* at 10.); therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff shall have thirty (30) days to file an amended Complaint.  Failure to timely file an amended Complaint may result in the dismissal of this matter with prejudice.  An appropriate order follows.

                                                                                                                    /s/ Susan D. Wigenton
                                                                    **United States District Judge**

Orig:  Clerk
cc:     Michael A. Hammer, U.S.M.J.
        Parties